UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Patrick Guillory,

                Plaintiff,

                                                                             **Hon. Hugh B. Scott**

                                                                             14CV265S

                v.

                                                                              **Report**
                                                                                **&**
                                                                         **Recommendation**

Brandi Foley et al.,

                Defendants.
_____

      Before the Court is the plaintiff's motion for a preliminary injunction (Docket No. 5).

**Background**

      The plaintiff, Patrick Guillory ("Guillory"), alleges that defendant Brandi Foley refused to notarize documents relating to a lawsuit he wished to file because he had become sick from being served spoiled food at the Southport Correctional Facility ("Southport"). The plaintiff also contends that Foley threatened to file a misbehavior report against him if he continued to ask her to sign documents relating to lawsuits against her co-workers. (Docket No. 1 at page 3). Guillory also asserts that on March 25, 2014, he was assaulted (punched in the face twice) by Sergeant Jerome Shope. (Docket No. 1 at page 4; Docket No. 3 at page 1). He states that his injuries from this attack included "a busted face, a black eye and an apparent fractured jaw" causing him pain and loss of vision. (Docket No. 1 at page 13). The plaintiff also contends that he contracted

1

diarrhea due to eating the spoiled food and that he developed an inflamed anus as a result. He also asserts that he was denied diapers for some time. (Docket No. 1 at pages 5-6). He claims that a false misbehavior report was filed against him in retaliation for filing the grievance regarding the spoiled food. (Docket No. 1 at page 9). However, Guillory also asserts that the misbehavior report was dismissed. (Docket No. 1 at page 10).

In a supplemental filing, Guillory asserts that on April 30, 2014 he was presented with a "Case Plan" which stated that Guillory has a "history of non-compliance of rules." The plaintiff denies that he has a history of non-compliance and refused to sign the Case Plan. (Docket No. 4 at page 4). Guillory filed the instant motion for a temporary restraining order alleging that defendant Foley placed a notation on the plaintiff's file indicating that he should be denied all pre-release ART programs due to his excessive litigation. (Docket No. 5 at page 5). Guillory asserts that the notation by Foley is precluding him from participation in pre-release programs which are mandatory for his release in 2015. (Docket No. 5 at page7). "ART" refers to pre-release Aggression Replacement Treatment programs which assist inmates on dealing with anger management issues. (Docket No. 11 at page 4).

In response to the instant motion, Foley states that she is employed as a Counselor with the New York State Department of Corrections and Community Supervision ("DOCCS"). Foley states that she has not made any notations on the plaintiff's record with respect to ART, nor his participation in the SHU Aggression Work Book program. (Docket No. 11-1 at ¶ 3). Foley notes that with respect to the allegations in this lawsuit, Guillory is an inmate at Southport which is a Special Housing Unit ("SHU") correctional facility for inmates "with disciplinary or other pending issues." (Docket No. 11-1 at ¶ 4). At the outset, Foley states that because Southport is an SHU facility, Southport does not have an ART program. (Docket No. 11-1 at ¶ 6). The only

program offered at Southport is the Aggression Workbook Program which does not satisfy the ART program criteria used to establish the conditional release date. (Docket No. 11-1 at ¶ 6). Foley states upon arrival at Southport, all inmates are provided with the SHU Staff and Inmate Orientation Manual which advises that the Aggression Workbook Program does not satisfy the ART requirement. (Docket No. 11-1 at ¶ 7). Once an inmate is released from Southport to a general population facility, the inmate can then participate in the ART program. (Docket No. 11-1 at ¶ 8).

Foley states that she was Guillory's assigned Counselor for approximately only two months but is no longer his Counselor because he was moved to a different gallery at Southport. (Docket No. 11-1 at ¶ 4). According to Foley, a Case Plan is prepared using a computer software program called COMPAS which creates pre-filled computer generated case plans. As his Counselor, Foley worked with the plaintiff to select the goal or need related to the anger management program. Under the category named "Case Plan Goals, Tasks and Activities" there is a note that one of the plaintiff's barriers to his success is that he has a "History of non-compliance with rules" based upon past disciplinary tickets. (Docket No. 11-1 at ¶ 14). Foley acknowledges that she inputted that note, which means that Guillory had disciplinary issues which caused him to be housed at Southport and a history of not following the rules which hinders his ability to complete the ART program. (Docket No. 11-1 at ¶ 15). Further, the Case Plan generated by using the COMPAS software indicates that an activity was noted for Guillory to "complete the program when released to GP [general population] and refrain from negative behaviors that lead to SHU placements" – making it clear that he could not complete the ART program until he was released to general population. Foley states that she did not author any Case Plan or note on the plaintiff's record which would have prohibited Guillory's participation

3

in the Workbook Program. Moreover, Foley asserts that she has no involvement in the plaintiff's participation in the ART program which would be available to him once he is released from Southport. (Docket No. 11-1 at ¶10).  Foley also stated that she believed that Guillory was to be released from Southport in August of 2014, and upon his arrival at a general population facility, he should have the opportunity to participate in the ART program. (Docket No. 11-1 at ¶ 11).[1] Foley also denied ever refusing to notarize any documents for Guillory. (Docket No. 11-1 at ¶ 18).

      Timothy Hourihan, also employed as a Counselor for DOCCS, states that he succeeded Foley as Guillory's Counselor when the plaintiff was moved to a new gallery at Southport. (Docket No. 11-2 at ¶ 1). He testified that he did not see any notation on the plaintiff's record prohibiting the plaintiff from participating in the ART program in the future. (Docket No. 11-2 at ¶ 3).  Hourihan denies that he advised Guillory that Foley had placed a notation in his file indicating that Guillory should be denied participation in the ART program based upon his excessive litigation. (Docket No. 11-2 at ¶¶ 6-8). Hourihan noted that Guillory was not able to participate in the ART program at Southport because Southport does not have an ART program. Moreover, Hourihan states that the notation on the Case Plan stating that the plaintiff has a "history of non-compliance with rules" has nothing to do with the plaintiff's eligibility for participation in the ART program. (Docket No. 11-2 at ¶ 13).  Finally, Hourihan states that once

---

[1] It is noted that this matter was referred to the undersigned on August 14, 2014, subsequent to the filing of the instant motion and related papers. In his reply, filed August 25, 2014, Guillory advised that he had been released to general population, but that he was not yet on a waiting list for the ART program. (Docket No. 14 at page 3).  It should be noted that much of the plaintiff's reply is a personal attack against the defendants, the Assistant Attorney General representing the defendants in this matter and otherwise sets forth irrelevant and immaterial claims which are not helpful to the Court in resolving the instant motion.  In any event, as discussed below, because the plaintiff has not demonstrated that he is entitled to injunctive relief,

in general population, Guillory will at some point be placed on a waiting list for the ART program, and that when he is reached on that list, he will be afforded an opportunity to participate in the ART program. (Docket No. 11-2 at ¶ 9).

## Discussion

The plaintiff seeks a preliminary injunction mandating that defendant Foley remove the notation from his Case Plan which allegedly precludes him participating in the ART program.

To obtain a preliminary injunction a party must demonstrate: (1) that [he or she] will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor. Lusk v. Village of Cold Spring,  2007 WL 259873, *4 (2d. Cir. 2007) citing Bronx Household of Faith v. Bd. of Educ., 331 F.3d 342, 348-49 (2d Cir.2003). "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n. 12 (1987).  A preliminary injunction is an extraordinary remedy which should not be granted lightly.  Hanson Trust PLC v. MLSCM Acquisition, Inc., 781 F.2d 264, 273 (2d Cir. 1986) (a preliminary injunction is one of the most drastic tools in the arsenal of judicial remedies).  A party moving for a preliminary injunction has the burden of demonstrating that he or she will suffer irreparable harm if a preliminary injunction is not granted. Int'l. Brotherhood of Teamsters v. Local Union No. 10, 19 F.3d 786 (2d Cir. 1994). To demonstrate irreparable harm, a plaintiff must show that an injury is not remote or speculative, but actual and

---

it is not necessary to further develop the record with respect to the plaintiff's current status.

imminent, and that monetary damages will not suffice as a remedy. Forest City Daly Housing, Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999).  Where a moving party challenges governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the moving party cannot resort to the "fair ground for litigation" standard, but is required to demonstrate irreparable harm and a likelihood of success on the merits. Able v. United States, 44 F.3d 128, 131 (2d Cir. 1995). This heightened standard reflects judicial deference towards legislation and regulations developed through presumptively reasoned democratic process. Id. An even stricter standard must be used where, as here, the plaintiff seeks affirmative type relief, otherwise known as a mandatory injunction, or where the injunction sought "will provide the [inmate] with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits." Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). In such cases, the plaintiff must make a "clear" or "substantial" showing of a likelihood of success. Eng v. Smith, 849 F.2d 80, 82 (2d Cir. 1988); Costello v. McEnery, 767 F. Supp. 72, 75 (S.D.N.Y.), aff'd, 948 F.2d 1278 (2d Cir. 1991), cert. denied, 504 U.S. 980 (1992).

    In the instant case, the plaintiff has not met his burden to show that he will suffer irreparable harm or that there is a likelihood that he will succeed on the merits of his claim. Aside from vague and conclusory statements from the plaintiff, the plaintiff has not demonstrated the existence of any notation on his file precluding his participation in the ART program. The plaintiff has not demonstrated that Foley, or anyone else, ever made any such notation, or that any such notation would bar the plaintiff from participating in the ART program at a general population facility.  The plaintiff has not rebutted the assertion that Southport is an SHU facility for inmates with disciplinary issues. The plaintiff has not rebutted the assertion that Southport does not have an ART program or that the Aggression Workbook Program at

Southport does not satisfy the ART requirement. The plaintiff has not demonstrated the existence of any improper conduct by the any of the defendants to preclude him from participating in the ART program. While the record does not reflect whether the plaintiff has yet participated in or completed the ART program since he was released to general population, the record in this matter presents no basis to conclude that the plaintiff is being denied participation in the ART program due to any improper notations (or other conduct) by Foley or any other defendant. Guillory has failed to present evidence that he will not be afforded an opportunity to participate in the ART program at some point while he is incarcerated in a general population facility. The plaintiff has not demonstrated that he will be irreparably harmed or that there is a likelihood of his success on the merits of this claim.

## Conclusion

Based on the above, it is recommended that the motion for a preliminary injunction be denied.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO**

**FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

*Hon. Hugh B. Scott*
_____
Hon. Hugh B. Scott
U.S. Magistrate Judge

Buffalo, New York
February 3, 2015